IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DRAKE JORDAN FINCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-053-M-BR |
| | § | |
| STATE BAR OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS CIVIL RIGHTS COMPLAINT**

Before the Court is Plaintiff Drake Jordan Finch's Complaint against the Defendants: the State Bar of Texas, I. Ibarra (Assistant Disciplinary Counsel of the State Bar of Texas), the Board of Disciplinary Appeals, Christine McKeeman (Executive Director of the Board of Disciplinary Appeals), Laura Popps (Attorney with the State Bar of Texas), James English (former Prosecuting Attorney), and John Bennett (criminal court-appointed Attorney). (*See* ECF 3 at 3-4). Plaintiff is proceeding *pro se*, and was granted permission to proceed *in forma pauperis*. (ECF 6). For the reasons stated herein, the undersigned recommends that Plaintiff's Complaint be dismissed with prejudice as frivolous until the *Heck* conditions are met.

I.     **STANDARD OF REVIEW**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## II.   ANALYSIS

*Plaintiff's Factual Allegations*

On May 28, 2014, Petitioner was charged by Indictment in Deaf Smith County, Texas with the first-degree felony offense of aggravated assault with a deadly weapon causing serious bodily injury to a household member in violation of Section 22.02(b)(1) of the Texas Penal Code and was subsequently convicted. Plaintiff's application for federal habeas relief has been denied. *See Finch v. Director, TDCJ-CID*, No. 2:18-CV-0035-Z-BR (N.D. Tex.–Amarillo Jan. 26, 2021).

In the present civil rights lawsuit, Plaintiff alleges that on approximately June 12, 2018, Defendant English, the prosecuting attorney in the criminal case for which he is currently incarcerated and also was the subject of his federal habeas, conspired with the state trial court reporter to alter the trial transcripts to change the words "subdural hemorrhage" to "subdural hematoma." (*See* ECF 3 at 6). Plaintiff filed disciplinary cases with the State Bar of Texas against Defendant English and Plaintiff's court-appointed attorney (Defendant Bennett). (*Id*.). Both attorneys were found not guilty of violating disciplinary rules by Defendant State Bar of Texas through Defendants Popps and Ibarra, and Plaintiff appealed the decisions to Defendant Board of Disciplinary Appeals. (*Id*. at 5-6).

---

[2] *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

Plaintiff contends that, without conducting any investigation, Defendant Board of Disciplinary Appeals, through Defendant McKeeman, were cleared of wrongdoing. (*Id.* at 5). Plaintiff asserts that the actions of these Defendants caused his incarceration and all related injuries. (*Id*. at 5-6). Plaintiff seeks compensatory and punitive damages against all Defendants for gross negligence. (*Id*. at 6).

*Applicable Law*

If, in an action under 42 U.S.C. Section 1983, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Plaintiff's claim that the state court reporter, his court-appointed attorney, and the state prosecutor conspired to prepare an inaccurate or otherwise altered version of his trial transcripts, thereby interfering with his right to appeal and otherwise challenge his conviction, necessarily undermines the validity of his conviction and is barred by *Heck. See Ivie v. Thompson*, No. 1:15-CV-142-BL, 2016 WL 6905954, at *4 (N.D. Tex. Nov. 22, 2016) (Finding that a plaintiff's claim alleging "that the court reporter altered his trial transcript for appeal would necessarily imply the invalidity of his conviction" and was barred by *Heck*.) (collecting cases); *Vasquez v. Dunn*, No. 3:11-CV-0585-B BK, 2011 WL 5878428, at *2 (N.D. Tex. Sept. 8, 2011) ("Plaintiff's claim that the court reporter prepared an inaccurate trial transcript, thereby interfering with his right to appeal, also undermines the validity of his conviction."), *report and recommendation adopted*, No. 3:11-CV-0585-B BK, 2011 WL 5878408 (N.D. Tex. Nov. 22, 2011); *Golden v. Fox*, No. CIV.A. H-14-1942, 2014 WL 6982310, at *2 (S.D. Tex. Dec. 5, 2014) ("Golden's claim that the court reporter altered his trial transcript necessarily challenges the validity of his conviction and is barred by

*Heck*.") (citing *Mims v. Anderson*, 350 Fed. Appx 351, 352 (11th Cir. 2009)); *Holmes v. Garcia*, 101 F.3d 697 (5th Cir. 1996) (claim that court reporter altered statement of facts of criminal trial implicated validity of plaintiff's conviction under *Heck*).

Stated differently, Plaintiff is implicitly challenging his underlying conviction by requesting the Court make a finding that the state trial court reporter, and any of the attorneys who allegedly conspired with her, are guilty of such act. A finding of liability on the part of any of the Defendants in the instant matter implicates the validity of Plaintiff's state court conviction. *See Doleman v. Att'y Gen. of La.*, CIV.A. 10-4474, 2011 WL 446645, at *2 (E.D. La. Jan. 20, 2011) (claim that defendant's failure to transcribe a bench conference violated Plaintiff's rights because the transcript was "needed to afford him a complete appeal" was barred by *Heck*), *report and recommendation adopted*, *Doleman v. Att'y Gen. La.*, CIV.A. 10-4474, 2011 WL 445679 (E.D. La. Feb. 3, 2011).

The grievance committee is a unit of the State Bar of Texas. It is statutorily charged with the affirmative obligation of investigating "any alleged ground for discipline." Tex. Rev. Civ. Stat. Ann. art. 320a–1 § 13(a). Upon receipt of an allegation of attorney-misconduct, the committee must determine whether the allegation, if proven, would be grounds for attorney-discipline. Art. 320a–1 § 13(c). If the committee determines that the allegation constitutes a complaint, under the statute it must notify the accused attorney and take appropriate action. Art. 320a–1 § 13(d). Plaintiff alleges the failure of this process is the result of his current incarceration. (ECF 3 at 5-6). Thus, Plaintiff's challenge to the State Bar of Texas and the Texas Board of Disciplinary Appeals is merely a further attempt to ask this Court to find his trial transcripts were, in fact, altered. These claims are barred by *Heck*, and Plaintiff's lawsuit should be DISMISSED.

### III.    RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the Chief District Judge that the Complaint filed by Plaintiff Drake Jordan Finch be DISMISSED.

### IV.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on February 16, 2022.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### *NOTICE OF RIGHT TO OBJECT*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).